UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION
-------------------------------------------
JAMES and MAUREEN ORR,
husband and wife

        Plaintiffs,

  -against-

RED HOOK CENTRAL SCHOOL
DISTRICT BOARD OF EDUCATION;
RED HOOK CENTRAL SCHOOL
DISTRICT; RED HOOK HIGH
SCHOOL; BRUCE T. MARTIN, individually
and as Interim Superintendent of the
District; PAUL FINCH, individually and
as Superintendent of the District;
JOSEPH DeCARO, individually and as
Director of Pupil Personnel Services
of the District; and ROY PAISLEY,
individually and as Principal of the
High School,

        Defendants.
-------------------------------------------

**07 CIV. 8388**

**COMPLAINT**

JURY TRIAL DEMANDED

**JUDGE ROBINSON**

      Plaintiffs, by their undersigned attorney and for their Complaint against defendants, allege as follows

      1) Plaintiffs are husband and wife residing in Milan, Dutchess County, New York.

      2) Defendants are educational entities and officials located in Red Hook, Dutchess County, New York.

      3) This action arises in part under the laws of the United States, specifically 42 U.S.C. Sec. 1983.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

4) On or about May 21, 2003, plaintiff Maureen Orr served a Notice of Claim on the Board, the District and the Linden Avenue Middle School ("Middle School"), for injuries sustained by her son, Ryan Sullivan, then a student at the Middle School, arising out a vicious assault perpetrated upon Ryan by a fellow student, which the defendants negligently failed to prevent or even report to local police.

5) The alleged provocation for the attack was Ryan's uncontrollable blinking due to the severe neurological Lyme Disease from which he suffered and continues to suffer, which was exacerbated by the assault, and of which the defendants were well aware. The fellow student was prosecuted for and convicted of the assault, despite which defendants maliciously and baseless questioned Ryan's credibility.

6) Ryan, a minor, has not yet filed suit against the defendants, but intends to do so when he attains adulthood.

7) Since the Notice of Claim was served, the Board, the District and now the High School have been engaged in a campaign of retaliation directed at thwarting Ryan's education in the Red Hook school system and forcing plaintiffs to privately school their children.

8) Initially, Ryan was forced to ride on the same school bus as his convicted attacker, forcing plaintiff Maureen to drive him to the Middle School on a daily basis after contacting a New York State Assemblyman to intervene and urge an appropriate response from the District, including

keeping Ryan's attacker off the school bus. Since then the defendants have failed and refused to design appropriate special education programming for Ryan to adequately accommodate his needs attributable to the Lyme's Disease afflicting him, despite Ryan's having been classified as a Student with Disabilities, Traumatic Brain Injury. This has forced Maureen and James, Ryan's stepfather, to support Ryan's education privately through tutoring, providing education materials, and other means.

9) On June 9, 2006, defendants substantially increased their retaliatory measures, shortly after plaintiffs contacted a New York State Senator to intervene on Ryan's behalf in an educational dispute, by filing baseless charges of abuse and neglect against plaintiff Maureen with the New York State Office of Child Protective Services ("CPS"). While misusing and misrepresenting confidential information, defendants falsely and maliciously alleged, inter alia, that Maureen suffered from "mental health issues," was withholding medication and medical treatment essential to Ryan's well being, and was not allowing Ryan to attend physical education classes.

10) After a full investigation, by letter dated August 4, 2006, CPS dismissed the charges as "unfounded."

11) Subsequently, defendants unilaterally proffered a completely unacceptable education plan for Ryan's sophomore year at the High School, ignoring recommendations from Ryan's doctors and concerns from plaintiffs.

After their repeated efforts to change the plan were rebuffed by defendants, plaintiffs withdrew Ryan from the High School and enrolled him in a nationally recognized in-home curriculum. He is on track to graduate and attend college.

12) Notwithstanding, during the pendency of this dispute over Ryan's sophomore year program, while refusing to respond to plaintiffs regarding their concerns, and for the specific purpose of forcing plaintiffs to either submit to the defendants' education plan or to homeschool Ryan at plaintiffs' expense, defendants filed new charges of abuse and neglect against both plaintiffs on October 3, 2006, despite having scheduled a meeting with plaintiffs for October 12 to discuss Ryan's education plan.

13) Defendants falsely and maliciously alleged to CPS that plaintiffs were preventing Ryan from attending the High School with no reasonable excuse, knowing full well that: plaintiffs were actively engaged in a special education dispute process with defendants concerning Ryan's programming; that plaintiffs were under medical and legal advice to continue to appeal to the District to have Ryan's need accommodated; and that plaintiffs were providing Ryan with curriculum support by way of private tutoring and supplemental instruction from Ryan's plaintiff stepfather, a schoolteacher.

14) After another thorough investigation, by letter dated January 29, 2007 CPS dismissed the second round of charges as also "unfounded."

15) Plaintiffs are in palpable fear that defendants will file further false and malicious complaints with CPS, and will suffer irreparable harm if they do so. Plaintiffs believe that defendants have wrongfully employed the CPS reporting system to chill plaintiffs' exercise of their First and Fourteenth Amendment rights to advocate on behalf of Ryan directly and through legislators and lawyers.

16) More than thirty (30) days have elapsed since plaintiffs gave notice of claim of the foregoing to defendants, and adjustment or payment thereof has been neglected or refused.

## FIRST CLAIM FOR RELIEF

17) Paragraphs 1 through 16 are incorporated by reference as though fully set forth.

18) The foregoing constitutes deprivation of plaintiffs' constitutional rights, as well as retaliation for the assertion of those rights, under color of state law, in violation of 42 U.S.C. Sec. 1983.

19) As a direct consequence of the aforedescribed deprivation and retaliation, plaintiffs have suffered substantial harm for which they are entitled to compensatory damages, punitive damages, and attorney's fees in amounts to be determined at trial, as well as to a permanent injunction restraining defendants from filing any further charges of neglect and abuse against plaintiffs with CPS.

## SECOND CLAIM FOR RELIEF

20) Paragraphs 1 through 16 are incorporated by reference as though fully set forth.

21) The foregoing constitutes defamation of plaintiffs by defendants.

22) As a direct consequence of the aforedescribed defamation, plaintiffs have suffered substantial harm for which they are entitled to compensatory damages and punitive damages in amounts to be determined at trial, as well as to a permanent injunction restraining defendants from filing any further charges of neglect and abuse against plaintiffs with CPS.

## THIRD CLAIM FOR RELIEF

23) Paragraphs 1 through 16 are incorporated by reference as though fully set forth.

24) The foregoing constitutes intentional infliction of emotional distress on plaintiffs by defendants.

25) As a direct consequence of the aforedescribed infliction, plaintiffs have suffered substantial harm for which they are entitled to compensatory damages and punitive damages in amounts to be determined at trial.

## FOURTH CLAIM FOR RELIEF

26) Paragraphs 1 through 16 are incorporated by reference as though fully set forth.

27) The foregoing constitutes negligent infliction of emotional distress on plaintiffs by defendants.

28) As a direct consequence of the aforedescribed infliction, plaintiffs have suffered substantial harm for which they are entitled to compensatory damages and punitive damages in amounts to be determined at trial.

WHEREFORE, plaintiff demands a judgment for compensatory damages, punitive damages, and attorney's fees, all in amount to be determined at trial, and for a permanent injunction restraining defendants from filing any further charges of neglect and abuse against plaintiffs with CPS.

Dated: September 27, 2007

*Michael C. Pelletier*
Michael C. Pelletier, Esq.
(MP4238)
Attorney for Plaintiffs
31 Fairmount Ave., Suite 104
POB 700
Chester, NJ 07930
908-879-6600

<u>N.Y. Office</u>
c/o Rochman, Platzer
666 Third Ave., 17th Fl.
New York, NY 10017
212-697-4090

OrrRedHookComp1