UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES and MAUREEN ORR, husband and wife,

                              Plaintiffs,      **ELECTRONICALLY FILED**

       -against-                    **Civil Case No.:  7:07-CV-08388-SCR**

RED HOOK CENTRAL SCHOOL DISTRICT BOARD
OF EDUCATION; RED HOOK CENTRAL SCHOOL
DISTRICT; RED HOOK HIGH SCHOOL; BRUCE T.
MARTIN, individually and as Interim Superintendent
of the District; PAUL FINCH, individually and as
Superintendent of the District; JOSEPH DeCARO,
individually and as Director of Pupil Personnel Services
of the District; and ROY PAISLEY, individually and as
Principal of the High School,

                              Defendants.

## ANSWER

As and for their Answer to Plaintiffs' September 27, 2007 Complaint (hereinafter "Complaint") in the above captioned action, Defendants, by and through their counsel, Girvin & Ferlazzo, P.C. set forth as follows:

1.      Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "1" of the Complaint herein.

2.      As to the allegations contained in paragraph "2" of the Complaint herein: admit that Defendant Red Hook Central School District (hereinafter "District") is an educational entity located in Red Hook, New York; admit that individual Defendants Bruce T. Martin, Paul Finch, Joseph DeCaro, and Roy Paisley, are employed by the  District; and deny all remaining statements,

allegations, and inferences contained therein.

3.    As to the allegations contained in paragraph "3" of the Complaint herein: acknowledge that Plaintiffs purport to advance federal claims and invoke this Court's jurisdiction; refer all questions of law raised therein to the Court; and deny all remaining allegations, statements, and inferences contained therein.

4.    As to the allegations contained in paragraph "4" of the Complaint herein: admit that Plaintiffs have previously filed a Notice of Claim with Defendant District; and deny all remaining allegations, statements, and inferences contained therein.

5.    As to the allegations contained in paragraph "5" of the Complaint herein: deny knowledge or information sufficient to form a belief as to all of the medical conditions which may afflict the infant, Ryan Sullivan; deny specific knowledge or information sufficient to form a belief as to the alleged prosecution and/or conviction of any student involved in any altercation with Ryan; and deny all remaining allegations, statements, and inferences contained therein.

6.    Deny knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "6" of the Complaint herein.

7.    Deny all allegations, statements, and inferences contained in paragraph "7" of the Complaint herein.

8.    As to the allegations contained in paragraph "8" of the Complaint herein: admit that Ryan has been appropriately classified by the District as a student with a disability (i.e., TBI); and deny all remaining allegations, statements, and inferences contained therein.

9.    Deny all allegations, statements, and inferences contained in paragraph "9" of the Complaint herein.

10.    As to the allegations contained in paragraph "10" of the Complaint herein: refer the Court to the contents of the August 4, 2006 letter for the true and accurate contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

11.    As to the allegations contained in paragraph "11" of the Complaint herein: admit that Plaintiffs have removed Ryan from school; and deny all remaining allegations, statements, and inferences contained therein.

12.    Deny all allegations, statements, and inferences contained in paragraph "12" of the Complaint herein.

13.    Deny all allegations, statements, and inferences contained in paragraph "13" of the Complaint herein.

14.    As to the allegations contained in paragraph "14" of the Complaint herein: refer the Court to the contents of the January 29, 2007 letter for the true and accurate contents thereof; and deny all remaining allegations, statements, and inferences contained therein.

15.    Deny all allegations, statements, and inferences contained in paragraph "15" of the Complaint herein.

16.    As to the allegations contained in paragraph "16" of the Complaint herein: admit that no adjustment has been made subsequent to the service of the Notice of Claim; and deny all remaining allegations, statements, and inferences contained therein.

17.    As to the allegations contained in or incorporated into paragraph "17" of the Complaint herein; Defendants incorporate by reference their responses to paragraphs "1" through "16" of the Complaint.

18.    Deny all allegations, statements, and inferences contained in paragraph "18" of the

3

Complaint herein.

19.    Deny all allegations, statements, and inferences contained in paragraph "19" of the Complaint herein.

20.    As to the allegations contained in or incorporated into paragraph "20" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "19" of the Complaint.

21.    Deny all allegations, statements, and inferences contained in paragraph "21" of the Complaint herein.

22.    Deny all allegations, statements, and inferences contained in paragraph "22" of the Complaint herein.

23.    As to the allegations contained in or incorporated into paragraph "23" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "22" of the Complaint.

24.    Deny all allegations, statements, and inferences contained in paragraph "24" of the Complaint herein.

25.    Deny all allegations, statements, and inferences contained in paragraph "25" of the Complaint herein.

26.    As to the allegations contained in or incorporated into paragraph "26" of the Complaint herein, Defendants incorporate by reference their responses to paragraphs "1" through "25" of the Complaint.

27.    Deny all allegations, statements, and inferences contained in paragraph "27" of the Complaint herein.

28.    Deny all allegations, statements, and inferences contained in paragraph "28" of the Complaint herein.

29.    Deny all allegations, statements, prayers for relief, and inferences contained in the "Wherefore" paragraph of the Complaint herein.

30.    Deny any and all other allegations, statements, and inferences contained in the Complaint herein, which are not specifically addressed by the foregoing paragraphs.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

31.    Some or all of the allegations contained in the Complaint herein fail to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

32.    Some of the claims asserted by the Plaintiffs are barred by the applicable statutes of limitation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

33.    Some or all of the claims asserted by Plaintiffs are barred by virtue of their failure to mitigate their damages, if any.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

34.    The actions of the Defendants, if any, were made in good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

35.    Defendants have not deprived Plaintiffs of any rights, privileges, or immunities secured under the Constitution or the Laws of the United States.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiffs' claims must be dismissed as against all or some of the Defendants under the doctrine of qualified immunity in that the actions of Defendants Bruce T. Martin, Paul Finch, Joseph DeCaro and Roy Paisley, if any, were discretionary and made in good faith.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

37.    The statements made by Defendants are true and truth is a defense to defamation.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38.    The Plaintiffs' Complaint fails to state a cause of action in that it fails to allege or assert any words uttered or published by the Defendants that constitute defamation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

39.    Some or all Defendants are immune from suit as they are mandatory reporters pursuant to Social Services Law §413.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

40.    Plaintiffs' claims are barred in whole or in part by their failure to satisfy conditions precedent to commencing the instant action and/or their failure to exhaust administrative remedies.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

41.    This Court does not have subject matter jurisdiction over some or all of the Plaintiffs' claims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

42.    Some or all of Plaintiffs' claims are moot.

WHEREFORE, Defendants demand judgment dismissing the Complaint in its entirety and for such other and further relief as to this Court may seem just and proper.

6

Dated: Albany, New York
      December 6, 2007

                        Yours, etc.,

                        GIRVIN & FERLAZZO, P.C.

                        By:                                            
                                  Gregg T. Johnson (GJ3348)
                                  Attorneys for Defendants
                                  20 Corporate Woods Boulevard
                                  Albany, New York 12211
                                  Tel:    518-462-0300
                                  Fax:    518-462-5037
                                  Email: gtj@girvinlaw.com

TO:     MICHAEL C. PELLETIER, ESQ.
          Bar Roll No.: MP4238
          Attorney for Plaintiffs
          31 Fairmount Ave., Ste. 104
          P.O. Box 700
          Chester, New Jersey  07930
          Tel:    (908) 879-6600
          Fax:    (908) 879-6677
          Email: pellchesnj@aol.com